1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11    SANTIAGO GRAJEDA,                          Case No. 20-06292 EJD (PR)

              Plaintiff,

12                                               **ORDER OF SERVICE; STRIKING**
                                                 **ALL OTHER CLAIMS AND**
13         v.                                    **DEFENDANTS; DIRECTING**
                                                 **DEFENDANT TO FILE**
14    C. KOENIG, et al.,                         **DISPOSITIVE MOTION OR**
                                                 **NOTICE REGARDING SUCH**
15            Defendants.                        **MOTION; INSTRUCTIONS TO**
                                                 **CLERK**
16

17

18         Plaintiff, a California state prisoner, filed the instant pro se civil rights action

19   pursuant to 42 U.S.C. § 1983 against officers at the Correctional Training Facility ("CTF")

20   in Soledad.[1]  Dkt. No. 1.  After an initial screening of the complaint, the Court dismissed

21   one claim for failure to state a claim for relief, found one cognizable claim against one

22   defendant, and dismissed the remaining claims with leave to amend.  Dkt. No. 8.  Plaintiff

23   has filed notice that he wishes to proceed on the one cognizable claim and strike all other

24   claims and defendants from this action.  Dkt. No. 9.

25   ///

26   ///

27   _____

28   [1] This matter was reassigned to this Court on October 2, 2020, pursuant to Williams v.
     King, 875 F.3d 500, 503 (9th Cir. 2017).  See Dkt. Nos. 5, 6.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DISCUSSION

## A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

## B.   Plaintiff's Claims

Plaintiff claims that on September 19, 2019, he was "accosted" by Defendant Stephens when she ordered Plaintiff to submit to a clothed search.  Dkt. No. 1 at 9.  During this search, Plaintiff claims Defendant Stephens "fondled" his penis "and in a sudden motion – tightly squeezed [his] scrotum causing severe pain that radiated from the scrotum to his abdomen."  Id.  Plaintiff filed an administrative grievance on October 18, 2019, alleging "PREA [Prison Rape Elimination Act] violations and sexual misconduct."  Id. When Defendant Stephens learned that Plaintiff had filed a grievance against her, Plaintiff claims she subjected him to another search on October 22, 2019, during which she reached inside his shorts and "firmly slapped his buttocks" such that her "middle finger struck the back of [his] scrotum in a whip-like fashion causing sudden severe shooting pain."  Id.  As Plaintiff kneeled in pain, Defendant Stephens stated, "'Write that up.'"  Id. at 10-11.

Based on these allegations, the Court found Plaintiff stated a cognizable claim under the Eighth Amendment against Defendant Stephens for her sexual misconduct

during the two non-emergency body searches.  See Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc).

Plaintiff has elected to dismiss all other claims and defendants from this action. Dkt. No. 9.  Accordingly, all other claims and defendants as discussed in the Court's initial review order shall be stricken from the complaint.  Dkt. No. 8.

### CONCLUSION

For the reasons state above, the Court orders as follows:

1.      This action is proceeding solely on the sexual misconduct claim against Defendant Stephens.  Accordingly, all other claims and defendants are **DISMISSED** from this action.  The Clerk shall terminate Defendants C. Koenig, J. L. Gonzalez, and J. Marquez from this action.

2.      The following defendant shall be served: **Defendant Correctional Officer A. Stephens** at the **Correctional Training Facility** (P.O. Box 689, Soledad, CA 93960-0689**)**.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide  the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21

3

United States District Court
Northern District of California

days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.       No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.       Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.       **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

element of his claim).  Plaintiff is cautioned that failure to file an opposition to

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

the granting of the motion, and granting of judgment against Plaintiff without a trial.  See

Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18

F.3d 651, 653 (9th Cir. 1994).

> 5.     Defendants shall file a reply brief no later than **fourteen (14) days** after
Plaintiff's opposition is filed.

> 6.     The motion shall be deemed submitted as of the date the reply brief is due.
No hearing will be held on the motion unless the Court so orders at a later date.

> 7.     All communications by the Plaintiff with the Court must be served on
Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
copy of the document to Defendants or Defendants' counsel.

> 8.     Discovery may be taken in accordance with the Federal Rules of Civil
Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
Rule 16-1 is required before the parties may conduct discovery.

> 9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
court informed of any change of address and must comply with the court's orders in a
timely fashion.  Failure to do so may result in the dismissal of this action for failure to
prosecute pursuant to Federal Rule of Civil Procedure 41(b).

> 10.    Extensions of time must be filed no later than the deadline sought to be
extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:   3/12/2021

EDWARD J. DAVILA
United States District Judge

Order of Service; Striking all other claims and Defs.
PRO-SE\EJD\CR.20\06292Grajeda_svc&strike.claims

United States District Court
Northern District of California

5